CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com
            Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**<br><br>        Plaintiff,<br><br>v.<br><br>**JEG1 LLC**, a California Limited Liability Company,<br><br>        Defendants. | **Case No**. 5:21-cv-03198-LHK<br><br>**Plaintiff's Qualified Non-Opposition to the Defense Motion to Dismiss Complaint**<br><br>**Date:** October 7, 2021<br>**Time:** 1:30 p.m. |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

    I.    Preliminary statement ................................................................. 1

    II.   The Complaint is sufficiently pled ............................................. 1

    III.  The defendant's jurisdictional challenge on the basis of ownership is premature and improperly framed as a factual challenge under Rule 12(b)(1) and misunderstands the scope of the complaint allegations. ........... 5

    IV.  Plaintiff's subsequent investigation and consideration of the defense arguments leads him to believe that the ADA claim is moot. It should be dismissed and the Court should decline to exercise supplemental jurisdiction over the Unruh claim. .......................................................................... 9

    V.   Conclusion ................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
    603 F.3d 666 (9th Cir. 2010) ................................................................ 2

*Augustine v. United States,*
    704 F.2d 1074 (9th Cir. 1983) .............................................................. 8

*Careau Grp. v. United Farm Workers of Am., AFL-CIO,*
    940 F.2d 1291 (9th Cir. 1991) .............................................................. 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ................................................................ 2

*Johnson v. Hernandez,*
    69 F.Supp.3d 1030 (E.D. Cal. 2014) ............................................... 8, 9

*Leite v. Crane Co.,*
    749 F.3d 1117 (9th Cir. 2014) .............................................................. 8

*Moeller v. Taco Bell Corp.*
    816 F.Supp.2d 831 (N.D. Cal. 2011) .................................................... 2

*Robert v. Corrothers,*
    812 F.2d 1173 (9th Cir. 1987) .......................................................... 8, 9

*Rosales v. United States,*
    824 F.2d 799 (9th Cir. 1987) ................................................................ 8

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035 (9th Cir. 2004) .............................................................. 7

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.,*
    711 F.2d 138 (9th Cir. 1983) ............................................................ 5, 7

**Statutes**

42 U.S.C. § 12188(a) ................................................................................... 2

42 U.S.C. § 12182 .................................................................................... 2, 3

42 U.S.C. §§ 12183 ................................................................................. 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Preliminary statement

JEG1 LLC's motion to dismiss fails to identify what authority it is moving for dismissal under. *See* Defense Motion (Docket Entry 10). However, its points and authorities cite both 12(b)(1) and 12(b)(6) standards. Neither JEG1 LLC's motion, nor its defense points and authorities, identify if a dismissal with prejudice or without prejudice is sought. *See* Docket Entries 10 & 10-1.

Nonetheless, the points and authorities argue that (1) the complaint fails to state a claim under 12(b)(6) and (2) that this court lacks jurisdiction because of failure to sufficiently allege deterrence. Neither argument has merit. Both arguments rely on extrinsic facts that are not appropriate in a 12(b)(6) motion and premature for a 12(b)(1) motion as it intertwines the substantive merits with the jurisdictional challenge.

Nonetheless, the defense raises a good argument and subsequent investigation has demonstrated a change in conditions at the JEG1 LLC's creamery that moots this case. Thus, plaintiff believes that the ADA claim should be dismissed due to mootness and the Court should decline to exercise supplemental jurisdiction over the state claim because the federal claim would be gone.

## II. The Complaint is sufficiently pled

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and give "the defendant fair notice of what the . . . claim is and grounds upon which it rests" in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. In order to determine whether a pleading contains the necessary allegations, a

party must understand what constitutes a viable claim under the cause of action pled.

Here, the plaintiff's claims are based on Title III of the ADA. To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv).

Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;

4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);

5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As demonstrated by the table below, Plaintiff has made all the necessary factual and legal allegations necessary to state a claim.

| Element | Fact Alleged |
|---|---|
| 1. Disability | "Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility." (Complaint, ¶ 1). |
| 2. Place of Public Accommodation | "Scoop Microcreamery is a facility open to the public, a place of public accommodation, and a business establishment." (Complaint, ¶ 9). |
| 3. Responsible Parties | "Defendant JEG1 LLC owned Scoop Microcreamery located at or about 203 University Ave, Palo Alto, California, in April 2021. Defendant JEG1 LLC owns Scoop Microcreamery located at or about 203 University Ave, Palo Alto, California, currently." (Complaint, ¶¶ 2-3). |
| 4. Barrier to Access | "Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible dining surfaces in |

| | | |
|---|---|---|
| | | conformance with the ADA Standards as it relates to wheelchair users like the plaintiff. Scoop Microcreamery provides dining surfaces to its customers but fails to provide any wheelchair accessible dining surfaces . . . the defendants currently fail to provide wheelchair accessible dining surfaces" (Complaint, ¶¶ 10-14) |
| | 4. Readily Achievable Solutions | "The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable." (Complaint, ¶ 19). |
| | 5. Personal Encounter or Deterrence | "A problem that plaintiff encountered was the lack of sufficient toe and knee clearance under the outside dining surfaces for wheelchair users." "These barriers relate to and impact the |

> plaintiff's disability. Plaintiff personally encountered these barriers."
>
> "As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access."
>
> (Complaint, ¶¶ 12, 15, 16).

Each of the required factual allegations have been made. The pleadings meet the liberal requirements of Rule 8. There is no basis to dismiss this complaint under 12(b)(6).

**III. The defendant's jurisdictional challenge on the basis of ownership is premature and improperly framed as a factual challenge under Rule 12(b)(1) and misunderstands the scope of the complaint allegations.**

The defense argues that this Court lacks subject matter jurisdiction and should dismiss the case. On its face, it is implausible that a district court would not enjoy subject-matter jurisdiction over a claim brought under the federal Americans with Disabilities Act. In fact, dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983). Here, defendant's "exceptional" challenge is merely an argument that it does not own or control the outdoor seating. As discussed below, this claim not only overlooks complaint allegations but is is premature and would be improperly decided in a 12(b)(1) challenge.

1       First, the ADA claim is not restricted to outdoor seating. While
2  plaintiff personally encountered the outdoor seating, he complains about
3  the total lack of any accessible seating—whether indoor or outdoor. If this
4  case were to continue, the plaintiff would be prepared to prove that the
5  defendant's facility offerED indoor seating and none of it was accessible to
6  wheelchair users:



Plaintiff's ADA claim for injunctive relief is based on a failure "to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *See* Complaint, ¶ 10. Or, as pled more specifically, "When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces. Here, accessible dining surfaces have not been provided in conformance with the ADA Standards." *See* Complaint, ¶ 24-25.

Opposition to Motion to Dismiss                                   5:21-cv-03198-LHK

Thus, the defense evidence about who owns or controls the outdoor seating is only relevant to a personal encounter claim and not for the deterrence claims under either the ADA or Unruh. But it is improper to be submitting declarations and arguing about location, ownership, control or extent of accessible seating in a 12(b)(1) motion. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with the defense motion is that the very question this the defendant urges this Court to adjudicate—to determine jurisdiction—goes right to the heart of the plaintiff's substantive claims. In this case, plaintiff alleges that the defendant's dining surfaces and seating do not comply with federal accessibility laws. If that is true, plaintiff can prevail and obtain an injunction. If that is wrong, plaintiff loses. That is the case. The ultimate question in this case is whether the defendant's facilities comply with accessibility laws. The defendant, however, asks this Court to answer that very question, i.e., determining ownership, control and accessibility of its facilities, in determining whether it has jurisdiction. This is improper.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim. *Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As one court framed it: "The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the

question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal cites omitted).

It is inappropriate and premature to require a plaintiff to prove up the merits of his case at the pleading stage, just to prove jurisdiction:

> [I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.
>
> [*Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).]

Thus, "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*." *Rosales*, 824 F.2d at 803 (emphasis added).

It is true that a court normally not need accept the complaint allegations as true when there is a *factual* attack on jurisdiction under Rule 12(b)(1). *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014). But the court must treat a factual attack under Rule 12(b)(1) differently "when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Leite*, 749 F.3d at 1122 n.3. This occurs where the jurisdictional question "is dependent on the resolution of factual issues going to the merits." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Consider the case of *Johnson v. Hernandez*, where the district court denied an almost identical defense motion. *Johnson v. Hernandez*, 69 F.Supp.3d 1030 (E.D. Cal. 2014).

1    In short, where the jurisdictional facts are intertwined with the merits, a Rule 56 "summary judgment standard" applies. *Roberts*, 812 F.2d at 1177; *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991). The defendant can and should bring its claims in the form of a Rule 56 motion. If plaintiff were not agreeing to a dismissal for different reasons (mootness), plaintiff would respectfully request this Court consider adopting the holding of the *Hernandez* court:

> "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment …." *Augustine*, 704 F.2d at 1077. Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' "facts." Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED without prejudice to raising this argument in a properly noticed and appropriately timed motion for summary judgment.

[*Hernandez*, 69 F. Supp. 3d at 1035.]

**IV. Plaintiff's subsequent investigation and consideration of the defense arguments leads him to believe that the ADA claim is moot. It should be dismissed and the Court should decline to exercise supplemental jurisdiction over the Unruh claim.**

The defense made two arguments in its brief that carry weight. First, the defense argued that the City owns and controls the outdoor seating. Second, the defense argued that it currently does not offer any indoor seating. Plaintiff has investigated both claims and find that they have probable merit. Certainly (after two subsequent investigations) it appears that the defendant is no longer setting up eating inside the creamery. Thus, plaintiff's ADA claim is moot. He cannot, in good faith, argue that he will encounter future discriminatory conditions. On that basis, he would be

remiss in arguing for this Court to maintain federal question jurisdiction given that the only remedy available under the ADA is injunctive.

Given that plaintiff concedes that the ADA claim has been rendered moot, and the early stage of this case (before any discovery has been done), plaintiff believes that this Court should not exercise supplemental jurisdiction over the Unruh claim but would not be bothered if the Court continued to exercise that jurisdiction.

## V. Conclusion

The plaintiff concedes, for the reasons stated above, that the ADA claim should be dismissed as moot.

Dated: September 16, 2021     CENTER FOR DISABILITY ACCESS

By: ___/s/ Amanda Seabock___
Amanda Seabock
Attorney for Plaintiff