| | |
|---|---|
| 1 | Ara Sahelian, Esq., [CBN 169257] |
| 2 | SAHELIAN LAW OFFICES |
|   | 23276 South Pointe Drive, Suite 216 |
| 3 | Laguna Hills, CA  92653 |
| 4 | 949. 859. 9200 |
|   | e-mail: sahelianlaw@me.com |
| 5 | Attorneys for JEG1 LLC, a California Limited Liability Company |

**U.S. DISTRICT COURT**
**CALIFORNIA NORTHERN DISTRICT**
**(San Jose)**

Brian Whitaker
        Plaintiff,
        vs.
JEG1 LLC
a California Limited Liability Company
        Defendant.

.

CASE NO.: 5:21-cv-03198-LHK
The Honorable Lucy H. Koh

**REPLY BRIEF TO MOTION TO DISMISS**

Hearing Date: 10/7/21
Time: 1:30 PM

---

REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1] Page 1 -

# REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1]

ARGUMENT

**A. Plaintiff did not oppose the Defense's argument that there is no imminent harm**

Plaintiff Brian Whitaker (Whitaker) alleges he is deterred from returning to Scoop Microcreamery because there were no accessible dining tables available for him to use. "A problem that plaintiff encountered was the lack of sufficient toe and knee clearance under the outside dining surfaces for wheelchair users." (*Complaint* ¶ 12). He also alleges that he will not return until accessible tables are made available, "Plaintiff will return to Scoop Microcreamery to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Scoop Microcreamery and its facilities are accessible." (*Id.* ¶ 20). Whitaker failed to plead sufficient facts to support his ADA claim. Formulaic recitations of the elements of each cause of action will not do.

Whitaker does not disclose that he has filed over 1,000 lawsuits up and down California, a sizable number of which have been against restaurants. In addition, Whitaker does not disclose that he lives in Los Angeles, that he cannot drive a car, and is entirely dependent on others to drive him around. In other words, if not for the assistance he receives from others, Whitaker would have been unable to visit Scoop Microcreamery on his own (and there are no assurances that he did). Scoop Microcreamery is a five-and-a-half hour drive from his place of residence.

Whitaker also does not explain why and how he came upon Scoop

Microcreamery, despite the hundreds of ice cream shops at his disposal between the county of Los Angeles and the city of Palo Alto, 356 miles away.

**The Complaint, as filed, would likely be dismissed in state court.**

While the defense recognizes that state court procedural requirements are not enforced in federal court, a review of those requirements does provide some guidance. Fed up with abusive ADA litigation, California enacted Code of Civil Procedure 425.50 to curb the types of lawsuits brought by Whitaker. Section 425.50 states in relevant part:

> (a) An allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, <u>shall state facts sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim</u>, including all of the following:
>
> (1) <u>A plain language explanation of the specific access barrier or barriers the individual encountered</u>, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.
>
> (2) <u>The way in which the barrier denied the individual full and equal use or access</u>, or in which it deterred the individual, on each particular occasion.
>
> (3) <u>The date or dates of each particular occasion on which the claimant encountered the specific access</u> barrier, or on which he or she was deterred.

(4) (A) Except in complaints that allege physical injury or damage to property, a complaint filed by or on behalf of a high-frequency litigant shall also state all of the following:

(i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant.

(ii) In the case of a high-frequency litigant who is a plaintiff, <u>the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months</u> prior to filing the complaint.

(iii) In the case of a high-frequency litigant who is a plaintiff, <u>the reason the individual was in the geographic area of the defendant's business</u>.

(iv) In the case of a high-frequency litigant who is a plaintiff, <u>the reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose</u>. (emphasis added).

(B) As used in this section "high-frequency litigant" has the same meaning as set forth in subdivision (b) of Section 425.55.

(b) (1) A complaint alleging a construction-related accessibility claim ... shall be verified by the plaintiff. <u>A complaint filed without verification shall be subject to a motion to strike.</u> (emphasis added).

Whitaker fails to satisfy the majority of the above disclosure requirements.

**Whitaker fails to challenge the defense argument that he lacks standing on the grounds that he has suffered no injury-in-fact, or imminent harm.**

Whitaker's failure to oppose constitutes a waiver or abandonment of the issues raised in Defendant's motion. (*Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 U.S. Dist. LEXIS 21843, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010)(deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10-4414, 2011 U.S. Dist. LEXIS 14253, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Aside from the fact that Whitaker fails to address the defense argument that his wheelchair would easily slide under the outdoor tables provided by the city (eliminating injury-in-fact), Whitaker fails to show a threat of future injury. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." (*Strojnik v. Hotel Circle GL Holdings, LLC*, No. 1:19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, 2019 WL 6212084, at *2 (E.D. Cal. Nov. 21, 2019)) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Courts approach facial attacks the same way they approach motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): the plaintiff's allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Id. In a factual attack, "'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Id*. (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Unlike with facial challenges, courts consider extrinsic evidence with factual challenges. In response to a factual challenge, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." (*Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1180 (D. Nev. 2013) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003)).

To establish Article III standing, a plaintiff must demonstrate, "an injury-in-fact and a sufficient likelihood of repeated harm. An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

Here, Whitaker is not truly deterred, but rather orchestrating a claim. The distance between Whitaker's home and Scoop Microcreamery (350 miles, at a minimum) and the over 1,000 lawsuits he has filed (both facts unopposed by Whitaker) render his allegations of deterrence disingenuous at best.

It defies credulity that Whitaker intends to visit over 1,000 different

establishments in California, several hundred of which are in the Bay Area, when he lives in Los Angeles. And Whitaker has no history of past patronage of Scoop Microcreamery except a single visit.

Based on the forgoing, Whitaker has no real intent to return in the future such that it is plausible to believe Whitaker will suffer imminent harm justifying prospective injunctive relief.

Whitaker failed to produce any evidence in response to Defendant's motion that supports his allegations concerning deterrence. Instead, he relies only on the allegations in the Complaint. Those allegations are insufficient to withstand Defendant's motion. (*Norkunas v. Wynn Resorts Holdings, LLC*, No., 2007 U.S. Dist. LEXIS 77355, 2007 WL 2949569, at *3 (D. Nev. Oct. 10, 2007), aff'd, 343 Fed. Appx. 269 (9th Cir. 2009), ("Plaintiffs cannot rely only on an allegation that they desire to return to Wynn Las Vegas to survive Defendants' factual challenge.")) Plaintiff's failure to present any evidence provides a sufficient basis for the Court to grant Defendant's motion. (*Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036* at 1039 n.2) (stating party opposing factual challenge to subject matter jurisdiction "must furnish affidavits or other evidence necessary to satisfy [*11] its burden of establishing subject matter jurisdiction."))

Whitaker has failed to satisfy his burden to establish Article III standing, specifically, that he is deterred from returning to Scoop Microcreamery, and that he will suffer a real threat of repeat injury in the future in the absence of injunctive relief.

The Court must grant Defendant's motion to dismiss Plaintiff's ADA claim, and dismiss that claim with prejudice - without leave to amend as any

amendment would be futile. (*Strojnik v. Pasadena Robles Acquisition, LLC*, 801 Fed. App'x 569, 570 (9th Cir. 2020)); (*Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020)) (affirming district court decisions to dismiss Plaintiff's complaints without leave to amend).

Absent Plaintiff's ADA claim, the Court will lack supplemental jurisdiction over Whitaker's Unruh claim, and that claim must be dismissed as well. (*Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (stating court may decline to exercise supplemental jurisdiction over state law claims where it dismisses federal claim that provided original jurisdiction)).

**B. Plaintiff's mootness argument**

At the core of this lawsuit is an allegation by Mr. Whitaker that he went to Scoop Microcreamery in Palo Alto and was denied his right to have ice cream. He alleges there were no outdoor accessible dining tables, and that as a result he was denied his right to have his ice cream. Whitaker now argues the case is moot. A stunning concession considering no new tables have been added to the outdoor area, and none of the existing ones have been altered in any way.

A case is moot when the issues are no longer live or the parties lack a legally cognizable interest in the outcome. The mere voluntary cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness meets a heavy burden and shows that the allegedly wrongful behavior could not reasonably be expected to recur.

There was nothing to moot. Whitaker's mootness argument defies logic in that if we were to pursue his logic he continues to be denied his right to

**REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1] Page 8 -**

have his ice cream. In other words, he is no better off today than he was at the moment he filed his lawsuit.

Whitaker's move to deem the case moot does not stem from altruism. No, to the contrary, his procedural is calculated to give him another bite at the apple - in state court. Whitaker's prospect on summary judgment is dim.

Whitaker's aim is to take a dismissal on the grounds of mootness with him to state court, hoping to prolong litigation and thereby coerce Scoop Microcreamery to capitulate. Whitaker has staying power. He is, after all, flush with cash, having settled over 1,000 cases at an average of $9,000 per case (a whopping $9,000,000. That's a mind numbing nine million dollars, give or take a million, for a serial filer and his attorneys the Potter Handy Firm).

**CONCLUSION**

This case is a microcosm of private ADA enforcement as it exists today. It exposes its not so pretty underbelly. Civil enforcement of the ADA today is not necessarily about acquiring meaningful access for the disabled but more a business, and a very lucrative one at that. It is more about coercion and intimidation for the sake of greed; it is about forcing the small business owner into capitulating, into paying exorbitant sums in order to avoid costly / risky litigation.

In *Whitaker v. Farm-To-Table Eats, Inc.,* Case Number: 2:20-cv-01899-AB-AS, United States District Court, Central District of California, The Honorable André Birotte Jr., a similar case in which the allegations were again based on the purported absence of outdoor dining tables, the Court GRANTED summary judgment in favor of the Defendant restaurant owner.

This attorney represented the Defendant. Whitaker's allegations, the Court found, were unfounded. Defendant, here, respectfully asks for the same opportunity.

Defendant respectfully requests that the Court deny Plaintiff's move to deem the case moot, and instead dismiss the case with prejudice for Plaintiff's failure to oppose the Defense's standing argument. In the alternative, Defendant respectfully requests that the Court convert the within Motion into a summary judgment motion. In doing so, the Court will prevent this case from dilating, handing over Plaintiff a tactical advantage, at Defendant's detriment. The parties, of course, should then have an opportunity to further brief the issues.

Respectfully submitted:

Date: 9/23/2021

SAHELIAN LAW OFFICES

_____
Ara Sahelian, Esq.